UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CHUBB CUSTOM INSURANCE COMPANY as    Docket No.:
subrogee of JOCEE d/b/a FULTON STREET REALTY,

                                 Plaintiff,    **COMPLAINT**

        -against-    **JURY DEMANDED**

PAV-LAK CONTRACTING INC. and R.C. STRUCTURES INC.,

                                 Defendants.
-------------------------------------------------------------------------X

Plaintiff, Chubb Custom Insurance Company as subrogee of Jocee d/b/a Fulton Street Realty, by and through its attorneys, Cozen O'Connor, P.C., hereby complains of Defendants, Pav-Lak Contracting Inc. and R.C. Structures Inc. and, upon information and belief, alleges as follows:

## THE PARTIES

1. Plaintiff, Chubb Custom Insurance Company as subrogee of Jocee d/b/a Fulton Street Realty (hereinafter "Chubb"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

2. At all times material hereto, Plaintiff Chubb was and is authorized to issue policies of insurance in the State of New York.

3. Defendant, Pav-Lak Contracting Inc., (hereinafter "Pav-Lak") was and is a domestic business corporation organized and existing under the laws of the State of New York,

with a principal place of business located at 325 Marcus Boulevard, Hauppauge, New York 11788.

4. At all times material hereto, Defendant, Pav-Lak was and is engaged in, *inter alia*, in the business of working as a construction manager and general contractor, which included either performing and/or overseeing other subcontractors who performed the construction, demolition and/or renovation work at a property located at 540 Fulton Street in Brooklyn, New York to build an approximate 511-foot-tall, 42-story, mixed-use skyscraper (the "Skyscraper").

5. Defendant, R.C. Structures Inc., (hereinafter "R.C.") was and is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business located at 13 Landing Road, Roslyn, New York 11576 and was and is engaged in, *inter alia*, in the business as a concrete contractor, which includes creating concrete formworks and pouring concrete for superstructure walls and foundations.

## JURISDICTION AND VENUE

6. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and the costs of the action.

7. Venue is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## FACTUAL ALLEGATIONS

8. At all times material hereto, Jocee d/b/a Fulton Street Realty (hereinafter "Jocee"), occupied a parcel of property, and the building thereon, located at 530 Fulton Street, Brooklyn, New York 11201 (hereinafter "Subject Premises").

9. At all times material hereto, Plaintiff, Chubb insured the subject premises and the property interests of Jocee, pursuant to a policy of insurance identified by Policy No. D-42162905-001.

10. Pursuant to the terms and conditions of the subject policy, Plaintiff, Chubb insured the subject premises and the personal business property located therein against damage caused by the building collapse, including Business Interruption as a result of the damage.

11. The property located immediately adjacent to the Subject Premises, known and described as 540 Fulton Street, Brooklyn, New York was being developed and built into the aforementioned mixed use Skyscraper (the "Project").

12. The owners of 540 Fulton Street contracted with Defendant Pav-Lak and hired it as the General Contractor for the Project.

13. The Defendant Pav-Lak contracted with Defendant R.C. as one sub-contractor involved in the Project to provide, among other things, services related to masonry, structural services and/or the pouring of concrete and other concrete-related work.

14. Part of the Defendants' Project comprised the construction of a reinforced concrete (or shear) wall between Jocee and the Skyscraper. An existing brick and mortar party wall separated the two properties. The structural support beams of 530 Fulton Street rested on the masonry party wall.

15. On or about February 5, 2019, while Defendant R.C., by and through its employees and/or agents, poured concrete into a form between the two properties, the form failed, allowing for the escape of the wet concrete to run down a narrow space between the properties. The

weight and pressure of the uncontained wet concrete caused a collapse of the wall of the subject premises, causing damage to Jocee's property.

16. The Defendants' actions and omissions in the Project thus breached the common party wall.

17. The subject collapse was directly and proximately caused by the negligence of the Defendants Pav-Lak, and/or R.C., their employees, servants, agents, workmen, representatives, contractors and/or subcontractors.

18. After the subject water damage, Plaintiff's insured submitted a claim to Plaintiff, Chubb, seeking reimbursement for, inter alia, loss and damage to the subject premises, including business interruption and/or other expenses resulting from the subject collapse.

19. Pursuant to its duties and obligations under the subject policy, Plaintiff, Chubb, paid its insured and others on its behalf in an amount excess of One Hundred Thirty Thousand, Seven Hundred Ninety Dollars and 46/100 ($130,790.46), for the damages and losses its insured sustained as a result of the subject wall collapse.

20. By virtue of the aforesaid payments, and pursuant to the terms of the subject insurance policy, Plaintiff, Chubb, became legally and equitably subrogated to the extent of its payments to its insured's rights to recovery and is therefore entitled to recover the same amount from the Defendants named in this action.

## CAUSE OF ACTION - NEGLIGENCE

21. The damages and the business interruption incurred were caused and resulted from by the Defendants' Project and Work and their respective acts of negligence, carelessness and gross negligence, which consisted specifically of, but is not limited to, the following:

    A. carelessly and negligently performing their work and/or providing their services at the property;

    B. permitting a dangerous and hazardous condition to exist even though Defendants knew, or should have known, that such condition existed and posed a significant risk of harm to Plaintiff's insured and its property;

    C. failing to hire proper and adequate employees;

    D. failing to perform their work and/or provide their services at the property in conformity with good practice, industry standards and due care;

    E. failing to properly warn Plaintiff's insured of the dangerous conditions which they knew, or should have known existed and creating an unreasonable risk of harm to the property of Plaintiff's insured;

    F. failing to properly and adequately train, supervise and/or inspect the work of their employees;

    G. failing to take actions and precautions which would have prevented the damage to the property of plaintiff's insured as described;

    H. failing to take all precautions necessary under the circumstances to safeguard the property from the risk of damage;

    I. failing to safeguard all property affected by construction operations;

    J. failing to shore up the common wall;

    K. inadequately reinforcing plywood formwork at the location of the occurrence;

    L. negligently pouring concrete;

    M. negligently supervising, controlling, guiding and inspecting the pouring of the concrete; and

    N. otherwise failing to use due care, as may be disclosed during the course of discovery.

22. The damage caused to the subject premises and Plaintiff's insured resulting business interruption were a direct result of negligent and improper construction practices and work that Defendants engaged in while pouring the concrete near the shear or party wall.

23. In this instance, inadequate protection was provided for the party wall and the structural integrity of the Jocee adjoining property was not maintained.

24. In this regard, the Defendants' actions and practices were also unacceptable and inconsistent with and violated the following particular industry standards, guidelines and codes:

A)   NYC Admin §27-1009 General Safety Requirements.

B)   NYC Admin §28-306.1 Responsibility for party walls.

C)   NYC Building Code §3301.2 Safety Measures and Standards.

D)   NYC Building Code §3301.7 Documents to be kept on site.

E)   NYC Building Code §3305.3 Concrete formwork.

F)   NYC Building Code §3309 Protection of Adjoining Property.

25. The neutral officials at the NYC DOB/ECB imposed penalties and administrative fines upon the Defendants for sums in excess of $25,000 alone for their breach of above-reference and other code sections which resulted in the incident.

26. The foregoing acts and/or omissions of the Defendants directly and proximately caused the damage to the subject premises, and Plaintiff made payments to its subrogor under the

Policy, including for Business Interruption, which exceeded One Hundred Thirty Thousand, Seven Hundred Ninety Dollars and 46/100 ($130,790.46).

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants in an amount in excess of One Hundred Thirty Thousand, Seven Hundred Ninety Dollars and 46/100 ($130,790.46), together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

Dated: New York, New York
November 12, 2019

        COZEN O'CONNOR
        Attorneys for Plaintiff

        By:_____
        Robert W. Phelan, Esq.
        45 Broadway, 23rd Floor
        New York, New York 10006
        (212) 908-1274

LEGAL\43324602\1 00012.0012.000/449697.000